UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
——————————————————————————————  x
CAROLYN GREENE, Individually and On Behalf of   )
All Others Similarly Situated,                  )
                                                )
                                                )   Civil Docket for Case No.:
                        Plaintiff,              )   1:03-CV-12628-NG
                                                )
          v.                                    )
                                                )
BIOPURE CORPORATION, THOMAS A. MOORE,           )   Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,          )
                                                )
                        Defendants.             )
                                                )
——————————————————————————————  x
```

*(Additional captions on following page)*

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE BHASKAR GROUP FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF PROPOSED LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL

```
------------------------------------------------- x
JOHN G. ESPOSITO, On Behalf of Himself and      )
All Others Similarly Situated,                   )
                                                 )   Civil Docket for Case No.:
                    Plaintiff,                   )   1:04-CV-10013-NG
                                                 )
         v.                                      )
                                                 )
BIOPURE CORPORATION, THOMAS A. MOORE,            )   Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,           )
                                                 )
                    Defendants.                  )
                                                 )
------------------------------------------------- x
MICHAEL E. CRIDEN, Individually and On Behalf of All )
Others Similarly Situated,                       )
                                                 )   Civil Docket for Case No.:
                    Plaintiff,                   )   1:04-CV-10046-NG
                                                 )
         v.                                      )
                                                 )
BIOPURE CORPORATION, THOMAS A. MOORE and         )   Hon. Nancy Gertner
CARL W. RAUSCH,                                  )
                                                 )
                    Defendants.                  )
                                                 )
------------------------------------------------- x
JOSEPH L. KING, On Behalf of Himself and All Others )
Similarly Situated,                              )
                                                 )   Civil Docket for Case No.:
                    Plaintiff,                   )   1:04-CV-10038-NG
                                                 )
         v.                                      )
                                                 )
BIOPURE CORPORATION, THOMAS A. MOORE,            )   Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,           )
                                                 )
                    Defendants.                  )
                                                 )
------------------------------------------------- x
```

---------------------------------------------------------------- x

ISRAEL SHURKIN and SHARON SHURKIN,                    )
Individually and On Behalf of All Others Similarly    )
Situated,                                             )    Civil Docket for Case No.:
                                                      )    1:04-CV-10055-NG
                    Plaintiff,                        )
                                                      )
                                                      )
          v.                                          )
                                                      )    Hon. Nancy Gertner
BIOPURE CORPORATION, THOMAS A. MOORE and              )
CARL W. RAUSCH,                                       )
                                                      )
                    Defendants.                       )
                                                      )
---------------------------------------------------------------- x

JAMES J. NIZZO, VIRGINIA C. NIZZO and CARLO           )
CILIBERTI, On Behalf of Themselves and All Others     )
Similarly Situated,                                   )    Civil Docket for Case No.:
                                                      )    1:04-CV-10065-NG
                    Plaintiff,                        )
                                                      )
                                                      )
          v.                                          )
                                                      )    Hon. Nancy Gertner
BIOPURE CORPORATION, THOMAS A. MOORE,                 )
CARL W. RAUSCH and RONALD F. RICHARDS,                )
                                                      )
                    Defendants.                       )
                                                      )
---------------------------------------------------------------- x

BARRY BROOKS,                                         )
                                                      )
                    Plaintiff,                        )    Civil Docket for Case No.:
                                                      )    1:04-CV-10077-NG
          v.                                          )
                                                      )
BIOPURE CORPORATION, THOMAS A. MOORE,                 )
CARL W. RAUSCH and RONALD F. RICHARDS,                )    Hon. Nancy Gertner
                                                      )
                    Defendants.                       )
                                                      )
                                                      )
---------------------------------------------------------------- x

——————————————————————————————— x

ANASTASIOS PERLEGIS, Individually and On Behalf of )
All Others  Similarly Situated,                    )
                                                   )
                                                   )  Civil Docket for Case No.:
                        Plaintiff,                 )  1:04-CV-10078-NG
                                                   )
                                                   )
            v.                                     )
                                                   )
BIOPURE CORPORATION, THOMAS A. MOORE,              )  Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,             )
                                                   )
                        Defendants.                )
                                                   )
——————————————————————————————— x

MARTIN WEBER, On Behalf of Himself and All Others  )
Similarly Situated,                                )
                                                   )
                                                   )  Civil Docket for Case No.:
                        Plaintiff,                 )  1:04-CV-10090-NG
                                                   )
                                                   )
            v.                                     )
                                                   )
BIOPURE CORPORATION, THOMAS A. MOORE,              )  Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,             )
                                                   )
                        Defendants.                )
                                                   )
——————————————————————————————— x

BRUCE HAIMS, Individually and On Behalf of         )
All Others Similarly Situated,                     )
                                                   )
                                                   )  Civil Docket for Case No.:
                        Plaintiff,                 )  1:04-CV-10144-NG
                                                   )
                                                   )
            v.                                     )
                                                   )
BIOPURE CORPORATION, THOMAS A. MOORE,              )  Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,             )
                                                   )
                        Defendants.                )
                                                   )
——————————————————————————————— x

```
                                              x
MODEL PARTNERS LIMITED, Individually and On   )
Behalf of All Others Similarly Situated,      )
                                              )
                                              )   Civil Docket for Case No.:
              Plaintiff,                       )   1:04-CV-10155-NG
                                              )
                                              )
       v.                                      )
                                              )
BIOPURE CORPORATION, THOMAS A. MOORE,          )   Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,        )
                                              )
              Defendants.                      )
                                              )
                                              )
                                              x
```

```
                                              x
JUNE E. PATENAUDE, Individually and On Behalf of   )
All Others Similarly Situated,                 )
                                              )
                                              )   Civil Docket for Case No.:
              Plaintiff,                       )   1:04-CV-10179-NG
                                              )
                                              )
       v.                                      )
                                              )
BIOPURE CORPORATION, THOMAS A. MOORE,          )   Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,        )
                                              )
              Defendants.                      )
                                              )
                                              x
```

```
———————————————————————  x
W. KENNETH JOHNSON, On Behalf of Himself and All  )
Others Similarly Situated,                         )
                                                   )    Civil Docket for Case No.:
                    Plaintiff,                      )    1:04-CV-10190-NG
                                                   )
              v.                                    )
                                                   )
BIOPURE CORPORATION, THOMAS A. MOORE,              )    Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,             )
                                                   )
                    Defendants.                     )
                                                   )
———————————————————————  x
NANCY L. PINCKNEY and GERTRUDE PINCKNEY,           )
Individually and On Behalf of All Others Similarly )
Situated,                                          )    Civil Docket for Case No.:
                                                   )    1:04-CV-10189-NG
                    Plaintiff,                      )
                                                   )
              v.                                    )
                                                   )    Hon. Nancy Gertner
BIOPURE CORPORATION, THOMAS A. MOORE and           )
CARL W. RAUSCH,                                    )
                                                   )
                    Defendants.                     )
                                                   )
———————————————————————  x
GREGORY KRUSZKA, On Behalf of Himself and All      )
Others Similarly Situated,                          )
                                                   )    Civil Docket for Case No.:
                    Plaintiff,                      )    1:04-CV-10202-NG
                                                   )
              v.                                    )
                                                   )
BIOPURE CORPORATION, THOMAS A. MOORE,              )    Hon. Nancy Gertner
CARL W. RAUSCH and RONALD F. RICHARDS,             )
                                                   )
                    Defendants.                     )
                                                   )
———————————————————————  x
```

## Preliminary Statement

Movant, William Bhaskar, Michael Lane and Kenneth Isherwood, ("Movant" or Bhaskar Group[1]") respectfully submits this memorandum in support of the motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order (i) consolidating the related actions; (ii) appointing Movant as Lead Plaintiff of the class of purchasers of the securities of Biopure Corporation ("Biopure" or the "Company") during the Class Period, and (iii) approving Movant's selection of Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton") as lead counsel for the class.

## The Movant

Movant purchased Biopure shares during the period March 5, 2003 through December 24, 2003, inclusive (the "Class Period")[2] and has suffered losses of $105,485.30 as a result of the securities law violations alleged in the actions. See Certifications annexed as Exhibit A to the Keller Declaration. Thus, Movant has a significant financial interest in the outcome of the actions and should be appointed lead plaintiff.

---

[1] The individuals comprising this group are William Bhaskar, Michael Lane, and Kenneth Isherwood. See Certification of William Bhaskar, Certification of Michael Lane and Certification of Kenneth Isherwood, annexed as Exhibit A to the February 27, 2004, Declaration of Christoper J. Keller ("Keller Decl.") filed herewith.

[2] Other complaints have alleged a class period beginning on March 17, 2003 rather than March 5, 2003 and ending on December 24, 2003. If Movant is appointed Lead Plaintiff, a consolidated amended complaint will be filed that will resolve these differences.

## The Defendants

Defendant Biopure develops, manufactures and markets oxygen therapeutics, for both human and veterinary use, designed to serve as an alternative to red blood cell transfusions and for use in the treatment of other critical care conditions.

Defendant Thomas A. Moore was, at all relevant times, Biopure's President and Chief Executive Officer. Defendant Carl W. Rausch was, at all relevant times, Biopure's Vice Chairman and Chief Technology Officer. Defendant Ronald F. Richards was, at all relevant times, Biopure's Chief Financial Officer.

## The Claims Asserted

The Complaint alleges that during the Class Period, Defendants issued numerous positive statements concerning the progress of its application to the U.S. Food and Drug Administration ("FDA") seeking regulatory approval to market Hemopure in the United States for patients undergoing orthopedic surgery. In truth, however, the FDA had informed Defendants of flaws in the Hemopure application, citing "safety concerns" arising from adverse clinical data submitted with the Company's application. The FDA also demanded that Biopure stop further human trauma testing. Also, the "safety concerns" made FDA approval of Hemopure highly unlikely. Prior to the disclosure of these facts, Defendants conducted at least two offerings of Biopure common stock and insiders sold hundreds of thousands of Biopure common shares at artificially inflated prices.

On December 24, 2003, under the threat of civil litigation by the Securities and Exchange Commission, Defendants announced that in fact the FDA had halted further clinical trials of Hemopure due to safety concerns. Defendants also disclosed that commercial release of Hemopure in the United States would be delayed beyond mid-2004. The market reaction to

these disclosures was swift and dramatic. On December 26, 2003, the share price of Biopure plummeted, falling 16%, to close at $2.43 per share.

As discussed below, Movant satisfies each of the requirements set forth in the PSLRA and is qualified for appointment as lead plaintiff for the class in the actions. Movant also seeks approval by this Court of its selection of lead counsel for the class.

## ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA, which applies to this case, requires the Court to consider any motion to consolidate prior to deciding a motion for appointment of lead plaintiff. See Exchange Act § 21D(a)(3)(B)(ii). Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation," Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir.), cert. denied, 498 U.S. 920 (1990), and in deciding whether to consolidate actions, "a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1133 (N.D. Cal. 1999). "In securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (internal quotation marks omitted).

503809v1
02/27/04 14:10

Presently pending in this District are the following fifteen related securities class actions:

| Abbreviated Case Name | Civil Action Number | Date Filed |
|---|---|---|
| *Greene v. Biopure Corporation, et al.* | 1:03-CV-12628-NG | 12/30/03 |
| *Esposito v. Biopure Corporation, et al.* | 1:04-CV-10013-NG | 01/06/04 |
| *Criden v. Biopure Corporation, et al.* | 1:04-CV-10046-NG | 01/08/04 |
| *King v. Biopure Corporation, et al.* | 1:04-CV-10038-NG | 01/08/04 |
| *Shurkin et al. v. Biopure Corporation, et al.* | 1:04-CV-10055-NG | 01/09/04 |
| *Nizzo et al. v. Biopure Corporation, et al.* | 1:04-CV-10065-NG | 01/12/04 |
| *Brooks v. Biopure Corporation, et al.* | 1:04-CV-10077-NG | 01/13/04 |
| *Perlegis v. Biopure Corporation, et al.* | 1:04-CV-10078-NG | 01/13/04 |
| *Weber v. Biopure Corporation, et al.* | 1:04-CV-10090-NG | 01/14/04 |
| *Haims v. Biopure Corporation, et al.* | 1:04-CV-10144-NG | 01/22/04 |
| *Model Partners Limited v.* <br> *Biopure Corporation, et al.* | 1:04-CV-10155-NG | 01/23/04 |
| *Patenaude v. Biopure Corporation, et al.* | 1:04-CV-10179-NG | 01/26/04 |
| *Johnson v. Biopure Corporation, et al.* | 1:04-CV-10190-NG | 01/27/04 |
| *Pinckney et al. v. Biopure Corporation, et al.* | 1:04-CV-10189-NG | 01/27/04 |
| *Kruszka v. Biopure Corporation, et al.* | 1:04-CV-10202-NG | 01/28/04 |

These actions appear to involve common questions of law and fact and present similar claims for relief against essentially the same defendants, based upon a single course of conduct on behalf of persons or entities who purchased or otherwise acquired Biopure securities during the class period. See In re PRI Automation, Inc., Secs. Litig., 145 F. Supp. 2d 138, 140 (D. Mass. 2001); Osher v. Guess?, Inc., No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *8-9 (C.D. Cal. Apr. 26, 2001). The actions should therefore be consolidated pursuant to Rule 42.

4

## B. MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF FOR THE CLASS IN THE CONSOLIDATED ACTION

### 1. The Procedure Mandated by the PSLRA For Appointment Of Lead Plaintiff

The PSLRA amended the Exchange Act by adding new Section 21D to the Exchange Act, codified as 15 U.S.C. § 78u-4. This section establishes a procedure for the appointment of a "lead plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Exchange Act § 21D(a)(1).

*First*, the plaintiff who files the first action shall publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. Exchange Act § 21D(a)(3)(A)(i). The first such notice was published on December 30, 2003. See Keller Decl. Ex. B.

*Second*, within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Exchange Act § 21D(a)(3)(B)(i).

The PSLRA provides the following standard for determining who is the "most adequate plaintiff":

> [T]he court shall adopt a ... presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];

(bb)    in the determination of the court, has the largest
financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of
the Federal Rules of Civil Procedure.

Exchange Act § 21D(a)(3)(B)(iii)(I); see Weltz v. Lee, 1999 F.R.D. 129, 132 (S.D.N.Y. 2001);

In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002). As set forth below, Movant is the "most

adequate plaintiff" here.

## 2. Movant Satisfies The Lead Plaintiff
## Requirements Of The PSLRA

(a) Movant Has Complied With the
Procedural Requirements of the PSLRA

The 60-day period under the PSLRA in which motions for appointment as lead plaintiff

must be filed expires on March 1, 2004. With this motion, Movant has moved within the

statutory 60-day period.

As required by the PSLRA, Movant has provided a Certification that sets forth the

transactions in Biopure securities during the Class Period. This Certification also indicates that

Movant has reviewed a complaint filed in the actions, understands the responsibilities of serving

as lead plaintiff and is willing to serve as a representative party on behalf of the class. See

Certifications, Keller Decl. Ex. A. In addition, Movant has retained competent and experienced

counsel. See Firm Resume, Keller Decl. Ex. C. As noted in their firm resume, Goodkind

Labaton is experienced and enjoys an excellent reputation for successfully prosecuting class

claims under the federal securities laws. Additional information about Goodkind Labaton is

available on the firm's website, www.glrslaw.com.

503809v1
02/27/04 14:10

(b) Movant Has The Largest Financial
Interest In The Relief Sought By the Class

Movant is presumptively the most adequate plaintiff because it appears to have the largest financial interest in the relief sought of any class member that has come forward or will come forward as a proposed lead plaintiff. Courts, in applying the PSLRA, have noted that the "largest financial interest" standard should be viewed broadly in terms of (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the net funds expended during the class period, and (4) the approximate losses suffered by the plaintiff from the alleged fraud. See Schulman v. Lumenis, Ltd., 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *18 (S.D.N.Y., June 17, 2003); In re Critical Path, Inc. Secs. Litig., 156 F. Supp. 2d 1102, 1107 (N.D. Cal. 2001); In re McKesson HBOC, Inc. Secs. Litig., 97 F. Supp. 2d 993, 995 (N.D. Cal. 1999); see also Gluck v. CellStar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997).

During the proposed Class Period, Movant purchased Biopure shares as reflected in the certifications, and Movant's losses, as limited by the PSLRA, are $105,485.30. See Certifications, Keller Decl. Ex. A. Movant has consulted with counsel, understands the responsibilities of serving as lead plaintiff, and is prepared to participate in the litigation and effectively monitor counsel throughout the litigation. To date, neither Movant nor counsel have received any motion or other notice by a plaintiff or putative class member who claims to have suffered greater losses during the Class Period than those claimed here. Accordingly, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act.

503809v1
02/27/04 14:10

(c) Movant Otherwise Satisfies
the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must fulfill the

requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a

party may serve as a class representative only if the following four prerequisites are met:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a).  Typicality and adequacy of representation are the only Rule 23

prerequisites that are relevant in appointing the lead plaintiff.  See In re Oxford Health Plans,

Inc. Secs. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998); Armour v. Network Assocs., Inc., 171 F.

Supp. 2d 1044, 1051-52 (N.D. Cal. 2001); Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d

1129, 1131-35 (C.D. Cal. 1999).  This interpretation is supported by the PSLRA, which provides

that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will

not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses

that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II).

Here, Movant purchased Biopure shares during the Class Period: (a) at prices alleged to

have been artificially inflated by the false and misleading statements issued by Defendants, and

(b) were damaged by Defendants' alleged violations of the federal securities laws.  Thus,

Movant's claims meet the typicality requirement, since questions of liability are common to all

proposed class members.  See Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625 (5th

Cir. 1999) (typicality requirement "is not demanding" and "[i]t focuses on the similarity between

**8**

the named plaintiffs' legal and remedial theories and the theories of those whom they purport to

represent"), cert. denied, 528 U.S. 1159 (2000).

Movant is also an adequate representative of the class. The "adequacy" requirement of

Rule 23 is measured by a two-pronged test. The moving party must show that the plaintiff's

attorneys are qualified and experienced, and that the plaintiff does not have interests antagonistic

to that of the class. See Mullen, 186 F.3d at 625-26. Movant has indicated that it will protect the

interests of the class, as reflected in the certifications affirming its interest in participating as lead

plaintiff over these actions. See Certifications, Keller Decl. Ex. A. Movant has also retained

counsel with considerable experience in the prosecution of class actions and federal securities

law claims. See Firm Resume, Keller Decl. Ex. C.

## C. THE COURT SHOULD APPROVE MOVANT'S CHOICE
## OF LEAD COUNSEL

Pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, a movant shall, subject to the

approval of the Court, select and retain lead counsel to represent the class. The Movant has

selected and retained Goodkind Labaton as lead counsel. Goodkind Labaton is among the

preeminent plaintiffs' class action law firms, having taken leading roles in numerous important

actions on behalf of defrauded investors. In particular, Goodkind Labaton served as lead counsel

for the Connecticut Retirement Plans and Trust Funds in the Waste Management securities

litigation, which resulted in a $457 million cash settlement, the fourth-largest common-fund

securities class action settlement ever achieved.

Goodkind Labaton has been appointed as lead counsel in numerous cases brought after

the enactment of the PSLRA, including appointments in the following cases:

- In re Transaction Systems Architects, Inc. Securities Litigation, No. 02-cv-00553 (D. Neb.) (representing the Genesee County Employees' Retirement System);

- In re JDS Uniphase Corporation Securities Litigation, Master File No. C 02-1486 CW (N.D. Cal.) (representing the Connecticut Retirement Plans and Trust Funds);

- Goldfarb v. El Paso Corporation, No. H-01-3717 (S.D. Tex.) (representing Oscar S. Wyatt, Jr., an individual with a $190 million loss);

- In re Luxottica Group S.p.A. Securities Litigation, No. CV 01-3285 (E.D.N.Y.) (representing a major New York investment partnership asserting claims under the Williams Act);

- In re Bristol-Myers-Squibb Securities Litigation, No. 00-1990 (D.N.J.) (representing Amalgamated Bank of New York);

- St. Denis J. Villere & Co. v. Caprock Communications Corp., No. 00-CV-1613-R (N.D. Tex.) (representing a New Orleans money manager with more than $1 billion in assets under management);

- In re Orbital Sciences Corporation Securities Litigation, No. 99-197-A (E.D. Va.) (representing certain New York City pension funds); and

- In re Vesta Insurance Group Inc. Securities Litigation, No. CV 98-AR-1407 (N.D. Ala.) (representing the Florida State Board of Administration).

See Firm Resume, Keller Decl. Ex. C; see also In re Waste Mgmt., Inc. Sec. Litig., 128 F. Supp.

2d 401, 432 (S.D. Tex. 2000) (stating that Goodkind Labaton "ha[s] been shown to be

knowledgeable about and experienced in federal securities fraud class actions"). The Court

should therefore approve Movant's selection of lead counsel.

10

## Conclusion

For the foregoing reasons, Movant respectfully requests that this Court (i) consolidate all related actions; (ii) appoint the Bhaskar as lead plaintiff in the consolidated action and (iii) approve Movant's selection of Goodkind Labaton to serve as lead counsel for the class.

Dated:  March 1, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

Peter Lagorio (BBO #567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Tel: (781) 231-7850
Fax: (781) 231-7840

**GOODKIND LABATON RUDOFF
& SUCHAROW LLP**
Jonathan M. Plasse
Christopher J. Keller
100 Park Avenue
New York, New York  10017
Tel: (212) 907-0700
Fax: (212) 818-0477

*Attorneys for the Bhaskar Group
And Proposed Lead Counsel for the Class*